IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEVON K. GREEN,

                Plaintiff,                OPINION AND ORDER

v.

                                      19-cv-797-wmc

JEFFREY MANLOVE,

                Defendant.

---

*Pro se* plaintiff Devon K. Green filed this civil action under 42 U.S.C. § 1983, claiming that defendant Dr. Jeffrey Manlove has been acting with deliberate indifference to his serious medical need in violation of his Eighth Amendment rights. Having reviewed Green's complaint for purposes of screening under 28 U.S.C. § 1915A, however, the court concludes that while it may be possible for Green to articulate a constitutional claim, he will be required to amend his complaint that corrects the deficiencies described in this order if he wants to proceed with this lawsuit.

OPINION

Plaintiff Devon Green is currently incarcerated at Waupun Correctional Institution ("Waupun"), where defendant Dr. Jeffrey Manlove is a physician.[1] Green's complaint contains just two allegations of fact: (1) he notified the Health Services Unit on "numerous occasions" that he needs surgery for his injured knee, and (2) Manlove has either failed to respond appropriately or has not responded at all. While plaintiff's complaint also contains citations to several decisions from the Court of Appeals for the Seventh Circuit, Federal Rule of Civil

---

[1] Since plaintiff is proceeding *pro se*, the court construes the allegations in plaintiff's complaint generously, drawing reasonable inferences and resolving ambiguities in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Procedure 8 requires "'short and plain statement of the claim' sufficient to notify the defendants of the *allegations* against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (emphasis added). Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

To state an Eighth Amendment claim, plaintiff must allege facts supporting an inference that his medical treatment demonstrates "deliberate indifference" to a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997). "Serious medical needs" include (1) life-threatening conditions or those carrying a risk of permanent serious impairment if left untreated, (2) withholding of medical care that results in needless pain and suffering, or (3) conditions that have been "diagnosed by a physician as mandating treatment." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997). "Deliberate indifference" encompasses two elements: (1) awareness on the part of officials that the prisoner needs medical treatment and (2) disregard of this risk by conscious failure to take reasonable measures.

While the court appreciates plaintiff's effort to research the legal standard for his claim, he has failed to include any specific factual allegations describing the nature of his knee problem, or what he actually reported to Dr. Manlove about his knee condition. Moreover, while it appears that plaintiff's condition is ongoing, he has not included any details about when he was first injured, or when he first requested treatment from Dr. Manlove. Without more information, it would be unreasonable to infer either that plaintiff's knee injury constitutes a serious medical need or that Dr. Manlove inappropriately disregarded his need

2

for treatment.

Therefore, if plaintiff wants to proceed on his claim in this lawsuit, he will need to file an amended complaint that provides additional allegations supporting an inference that his knee condition constitutes a serious medical need, when he reported his symptoms to Dr. Manlove, and what specific negative ramifications he has suffered from not undergoing surgery for his knee condition. Plaintiff should draft his proposed amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the court can assist him in relation to those events. Plaintiff should set forth his allegations in separate, numbered paragraphs using short and plain statements. After he finishes drafting his amended complaint, he should review it and consider whether it could be understood by someone who is not familiar with the facts of his case. If not, he should make necessary changes.

## ORDER

IT IS ORDERED that:

1) Plaintiff Devon Green's complaint is DISMISSED without prejudice for failure to meet the requirements of Federal Rule of Civil Procedure 8.

2) Plaintiff may have until **March 10, 2020, to submit an amended complaint that meets the requirements of Rule 8. If plaintiff fails to respond by that deadline, then this case will be dismissed with prejudice for failure to state a claim upon which relief can be granted.**

Entered this 18th day of February, 2020.

BY THE COURT:
/s/
WILLIAM M. CONLEY
District Judge