IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DEVON GREEN,

                          Plaintiff,                    OPINION AND ORDER

        v.
                                                        19-cv-797-wmc
JEFFREY MANLOVE,

                          Defendant.

*Pro se* plaintiff Devon Green brings this action under 42 U.S.C. § 1983 against defendant Dr. Jeffrey Manlove, who he claims has been acting with deliberate indifference to his knee injury in violation of his Eighth Amendment rights.   On February 18, 2020, this court issued an order dismissing Green's initial complaint for failure to state a claim, but giving him an opportunity to file an amended complaint.  (Dkt. #9.)  Green has taken that opportunity, and his proposed amended pleading (dkt. #10) is now ready for screening as required by 28 U.S.C. § 1915A.  The amended complaint is more detailed, but Green has still failed to adequately plead a claim.  He will be permitted *one* more opportunity to cure the deficiencies in his complaint described below; if he fails to do so, his case will be dismissed.

ALLEGATIONS OF FACT[1]

Green is currently incarcerated at Waupun Correctional Institution, where Dr. Manlove is a physician.  Green alleges a series of three of knee injuries beginning in

---

[1] In addressing any *pro se* litigant's complaint, the court must read the allegations generously, drawing all reasonable inferences and resolving ambiguities in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

September 2017, when he severely hyperextended his right knee.  He was treated in the health services unit ("HSU"), where he received ice and an ace bandage and was prescribed ibuprofen.  Although Green expressed concern to Manlove at that time that the injury was worse than diagnosed, Manlove allegedly assured Green that he would be fine and would soon be able to resume his regular activities.  Several months later, in July 2018, Green injured his right knee again when an oven rack fell on it.  He does not describe the nature of that injury, but alleges that he was again treated in the HSU with ice, an ace bandage and ibuprofen, and cleared to work.

Green alleges that between 2017 and 2018, he "constantly complained that he needed surgery and his knee bothered him."  (Dkt. #10 at 2.)  However, because his right knee appeared "grossly intact" on an x-ray taken at some point by HSU staff, Green was not immediately referred for an MRI or surgery.  Rather, he alleges that he did not have an MRI until January 6, 2020, after injuring his knee in 2019 and undergoing six weeks of physical therapy.  The amended complaint does not indicate what the results of the MRI were, but Green alleges that Manlove "has finally acknowledged that [Green's] injury exists."  (Dkt. #10 at 2.)  Green further alleges that he was approved for a lower bunk restriction after complaining that it was hard for him to climb to the top bunk, but "his knee hasn't gotten any better" and he is being denied surgery he needs.  (Dkt. #10 at 2.) The problem, according to Green, remains that he "is just not being [given] the proper care he needs."  (Dkt. #10 at 2.)


OPINION

As noted in the court's original leave to proceed order, Federal Rule of Civil

Procedure 8 requires a "'short and plaint statement of the claim' sufficient to notify the defendants of the *allegations* against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (emphasis added).  Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The amended complaint falls short of that standard.  To state an Eighth Amendment claim, plaintiff must allege facts supporting an inference that his medical treatment demonstrates "deliberate indifference" to a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997).  A serious medical need "is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 810 (7th Cir. 2000) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)).  Here, Green alleges that he hyperextended his right knee in 2017, and reinjured it in some way in 2018 and 2019, for which he underwent an x-ray with unremarkable results, physical therapy, and finally an MRI with unknown results.  He further alleges that Manlove now "acknowledges" his "injury."  (Dkt. #10 at 2.)  Green does not describe, however, what that injury is and, more importantly, how it is affecting him now.  Although Green alleges that he was given a lower bunk restriction because he had trouble climbing, and the court could speculate that he is experiencing some degree of knee pain, without specific factual allegations describing the nature of his current knee injury or the problems or pain it is

3

causing Green, it would be unreasonable to infer that Green is suffering a serious medical need.

It would also be unreasonable to infer from these facts that Manlove has acted with deliberate indifference to a serious medical need by not referring Green for knee surgery. To establish Manlove's deliberate indifference, Green must show that the doctor is disregarding a substantial risk of serious harm to Green. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). Certainly, the amended complaint provides more detail in that it specifies when Green injured his knee, what treatment he received, that he told Manlove in 2017 that his hyperextended knee might be more severely damaged than the doctor thought, and that Manlove believes Green's knee is injured in some way. Yet it remains unclear what exactly Manlove knows about Green's right knee and how he has been involved in Green's treatment after the 2017 injury. *See Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) (liability under § 1983 "requires personal involvement in the alleged constitutional deprivation"). Green alleges that he needs surgery, but a mere disagreement between a prisoner and his doctor about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation. *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). Without allegations describing what specific problems or pain Manlove knows Green is suffering from by not undergoing surgery, it would be unreasonable to infer that the doctor's alleged refusal to authorize knee surgery rises to the level of deliberate indifference.

The court thus encourages plaintiff, if he chooses to take the opportunity to amend his complaint a second time, to provide more detailed allegations regarding the nature of

his current injury, the problems it is causing him, and Manlove's involvement in his treatment. Again, Green should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the court can assist him in relation to those events. He should set forth his allegations in separate, numbered paragraphs using short and plain statements. His amended complaint should include all his allegations, so that it can replace his complaint rather than just supplement it. After he finishes drafting his amended complaint, Green should review it and consider whether it could be understood by someone who is not familiar with the facts of his case. If not, he should make necessary changes.

ORDER

IT IS ORDERED that:

1) Plaintiff Devon Green's amended complaint is DISMISSED without prejudice for failure to meet the requirements of Federal Rule of Civil Procedure 8.

2) Plaintiff may have until **February 23, 2021, to submit a second amended complaint that meets the requirements of Rule 8. If plaintiff fails to respond by that deadline, then this case will be dismissed with prejudice for failure to state a claim upon which relief can be granted.**

Entered this 2nd day of February, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge