IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEVON GREEN,

                    Plaintiff,                    OPINION AND ORDER

v.

                                                    19-cv-797-wmc

JEFFREY MANLOVE,

                    Defendant.

---

*Pro se* plaintiff Devon Green is proceeding in this civil rights action on a claim that defendant Dr. Jeffrey Manlove has acted with deliberate indifference to Green's knee injury and pain in violation of his Eighth Amendment rights. (Dkt. #15.) On July 12, 2021, Manlove filed a motion for summary judgment on exhaustion grounds and requested that the court stay discovery until it ruled on the motion. (Dkt. ##26, 29.) The court granted Manlove's request in part, staying discovery until October 8, 2021, and set briefing on the summary judgment motion. (Dkt. #30.)

Green now moves to lift the stay (dkt. #32), but the court will deny the motion because neither reason he offers is persuasive. *First*, Green notes that Manlove has not been responding to discovery requests. However, that is because discovery has been stayed, or paused, but only until early October so that the parties can litigate Manlove's summary judgment motion. The exhaustion requirement is mandatory and "applies to all inmate suits." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see also Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (exhaustion is mandatory). So the court issued the stay because it would not be a good use of his or Manlove's time and resources to conduct discovery while the motion was pending, should Manlove ultimately prevail, and this case is dismissed. *See Landis v.*

*N. Am. Co.*, 299 U.S. 248, 254 (1936) (it is within the district court's discretion to grant a motion to stay proceedings).

*Second*, Green asserts that Manlove's motion lacks merit because Green filed an inmate complaint about his inadequate knee treatment, and refers the court to 22 attached exhibits "for a more detailed inquiry of said incidents." (Dkt. #32 at 2.) However, Green does not develop any argument in support of his conclusion by, for example, explaining how his complaint and exhibits show that he properly exhausted his claim by following prison rules and all necessary appeals. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (a prisoner who does not properly take each step within the administrative process has failed to exhaust his state remedies). The court will not review the exhibits to develop arguments for him.

It is unclear whether Green intended these exhibits and his motion to stand as his response to Manlove's motion for summary judgment. Given how Green captioned the motion, as one to dismiss Manlove's motion to stay, the court will assume that Green intends to file a response in opposition. The court will also assume, in light of Green's *pro se* status, that Green has not yet done so (even though his response deadline of August 2, 2021, has passed), because he was waiting for the court to rule on his motion to lift the discovery stay. Accordingly, the court will give Green until August 16, 2021, to submit a response brief. If he does not file a brief by that deadline, the court will assume that Green means to stand on the argument and exhibits in his motion to lift the stay. If Green submits a response, he does not need to resubmit any of the exhibits he attached to his motion, he can simply refer to them in his brief. Once Green has filed his response brief,

Manlove will have seven days to reply, or if Green opts to stand on his prior submission, defendant may do the same.

ORDER

IT IS ORDERED that:

1) Plaintiff Devon Green's motion to dismiss defendant's motion to stay discovery (dkt. #32) is DENIED.

2) Plaintiff has until August 16, 2021, to submit a response to defendant's motion for summary judgment on exhaustion grounds. If plaintiff does not submit a response by that deadline, the court will assume that he means to stand on the argument and exhibits in his motion to dismiss defendant's motion to stay.

Entered this 9th day of August, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge